JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Shandy Banks ("Banks") appeals from her conviction for tampering with records. Banks contends that her conviction is based on insufficient evidence, against the manifest weight of the evidence, and that the trial court erred by admitting certain evidence. For the reasons that follow, we affirm.
 {¶ 2} David M. Lasky, deputy registrar for the Bureau of Motor Vehicles ("BMV") in Garfield Heights, Ohio, testified concerning events he witnessed on September 19, 2002. Banks and a male (later identified as Donovan Jones) entered the BMV. The BMV staff members became suspicious of the couple and notified Lasky. Lasky began observing them and reviewing their documents. The male was applying for a driver's license in the name of Melburne Cornwall, and was having difficulty filing the BMV 2026.[1] He conferred with and received assistance from Banks to fill in the form. Lasky saw the male asking questions and "the female [Banks] was responding and the applicant was filling out the form * * *." Tr. at 33.
 {¶ 3} Lasky stated that the form contained multiple apparent errors. The male had misspelled his name three times and had to correct his social security number.
 {¶ 4} When Lasky conducted an image search on the social security card presented by the applicant, it revealed the image of a different person, and not the applicant. Lasky then contacted the state highway patrol.
 {¶ 5} Trooper Robinson from the state highway patrol testified that he responded to a call from the BMV on September 19, 2002. Robinson met with Lasky and reviewed the documents in his possession, including an I.D. card. Robinson recognized the male applicant because he had encountered him on prior occasions. Robinson proceeded to the lobby, where he saw the male applicant with Banks. Robinson testified that he had met Banks on two prior occasions: In January 2002, Banks went to his office to report that her identity had been stolen. In May 2002, Robinson spoke with Banks and the male applicant. At that time, the male identified himself as Richard Brown and produced a New York state identification card. During the May 2002 encounter, Banks told Robinson that Richard was her boyfriend.
 {¶ 6} When Robinson approached Banks at the BMV, she tried to leave. Another officer brought her back to the office, where she cooperated with the investigation. Banks told Robinson that her companion's name was Melburne. The male also identified himself as Melburne. Both Banks and the male were placed under arrest. Robinson took Banks' fingerprints and released her. The male was ultimately identified as Donovan Jones aka Donovan Thomas.
 {¶ 7} The State charged Banks and Donovan Jones with eleven counts, which included: tampering with records (counts 1-3), forgery (counts 4-6), uttering (counts 7-9), unauthorized use of computer (count 10), and possessing criminal tools (count 11). Banks waived her right to a jury and the matter proceeded to bench trial. Banks attempted to suppress statements by way of a motion to suppress and a motion in limine. The State objected, arguing that the motions were untimely because they were filed the day after the scheduled trial date. The trial court denied the motions. The trial court granted Banks' motion for acquittal on counts 3, 6, 9, 10, and 11, and found Banks not guilty of counts 2, 4, 5, 7, and 8. The trial court found Banks guilty of one count of tampering with records, in violation of R.C. 2913.42, for falsifying an applicant's driver's license or I.D. card information sheet.
 {¶ 8} We address the assignments of error in the order they were presented for review.
 ASSIGNMENT OF ERROR I {¶ 9} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261, at syllabus. We review a challenge to the trial court's ruling concerning a Crim.R. 29(A) motion for sufficiency of the evidence by examining "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph 2 of the syllabus, following Jacksonv. Virginia (1979), 443 U.S. 307.
 {¶ 10} Banks maintains that there is insufficient evidence to support a finding that she aided or abetted her co-defendant in falsifying a government record, namely, the BMV form 2026. We do not agree. Tampering with records is defined by R.C. 2913.42:
 {¶ 11} "(A) No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following:
 {¶ 12} "(1) Falsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record;
 {¶ 13} "* * *
 {¶ 14} "(B) (1) Whoever violates this section is guilty of tampering with records.
 {¶ 15} "* * *
 {¶ 16} "(4) If the writing, data, computer software, or record is kept by or belongs to a local, state, or federal governmental entity, a felony of the third degree."
 {¶ 17} R.C. 2923.03 provides: "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 18} "* * *
 {¶ 19} "(2) Aid or abet another in committing the offense[.]"
 {¶ 20} A conviction for aiding and abetting is supported by evidence that the "defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime."State v. Johnson (2001), 93 Ohio St.3d 240, syllabus.
 {¶ 21} The State presented evidence that Banks accompanied her co-defendant to the BMV to obtain a driver's license in the name of Melburne Cornwall. Trooper Robinson testified that he had prior contact with the couple, at which time the male was identified as Richard Brown. It can be inferred from this evidence that Banks knew in May 2002 that the male was not Melburne Cornwall. Yet, when asked by Trooper Robinson in September 2002 who the man was, Banks repeatedly insisted his name was Melburne. In addition, the deputy registrar testified that Banks and her companion were acting suspiciously. Banks was conferring with the man as he was filling in the BMV form 2026 with false information.
Viewing this evidence in a light most favorable to the State, a rational trier of fact could have concluded that Banks was supporting, assisting, encouraging, cooperating with, or advising her co-defendant in tampering with records. Therefore, the trial court did not err in overruling Banks's motion for acquittal on count one. This assignment of error is overruled.
 ASSIGNMENT OF ERROR II {¶ 22} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 23} Banks believes her conviction was against the manifest weight of the evidence because Lasky was fifteen feet away from her, could not hear what she and the co-defendant were saying, and was simultaneously entering information into a computer. Banks characterizes the fact that she falsely represented the codefendant to be Melburne Cornwall at the BMV as her efforts of "covering up for her boyfriend." Thus, Banks argues this should not support a conviction for aiding and abetting in the crime. We do not agree.
 {¶ 24} We have reviewed the entire record and find that the conviction was not against the manifest weight of the evidence. Lasky testified that, based on his experience, he believed Banks was assisting the co-defendant in falsifying the BMV 2026. Lasky's testimony and Banks' misrepresentation of the co-defendant's identity to the authorities supported her conviction. Accordingly, we cannot say that the trial court clearly lost its way such that a manifest miscarriage of justice occurred.
 {¶ 25} Because Banks' conviction was supported by sufficient evidence and was not against the manifest weight of the evidence, this assignment of error is overruled.
 ASSIGNMENT OF ERROR III {¶ 26} Banks objected to the admission of evidence concerning Trooper Robinson's prior encounter with her in May 2002. Banks maintained the evidence was inadmissible under Evid.R. 404 and R.C. 2945.59.
 {¶ 27} Evid.R. 404(B) provides: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 28} The evidence concerned Banks' response to Trooper Robinson's question in May 2002, "Who is Richard [referring to the co-defendant] to you [meaning defendant]?" Banks responded that he was her boyfriend. This evidence was not offered to prove Banks' character or to show that she "acted in conformity therewith," but instead, to establish that she knew the co-defendant was not Melburne Cornwall when she identified him as such in September 2002. Accordingly, the trial court did not err in admitting this evidence. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., And McMonagle, J. Concur.
[1] The BMV 2026 is an information sheet required by the Ohio Revised Code to be completed with applications of any drivers identification cards. According to Lasky, it is also utilized as a tool to determine potential fraudulent activity.